## McCabe v. Payne.

1. Summons of Justice of the Peace: *To whom directed, and by whom served.*

   By the Act of 1873, regulating proceedings before Justices of the Peace, a Justice's summons must be directed to a Constable, but may be served by any officer authorized to serve process; but if *directed* to the Coroner, it is only voidable, and not void, and if duly served by him, will support a verdict by default against the defendant.

2. Mistake: *Relief against judgment at law for.*

   When a party comes into equity for relief against a judgment by default in a Justice's court, he must show not only that he has lost his appeal by mistake or accident, without laches, but also that he had a valid defense to the action.

APPEAL from *Pulaski* Chancery Court.

Hon. D. W. Carroll, Chancellor.

*W. L. Terry*, for appellant:

The township constable, and not the coroner, was the proper officer to execute the summons, and the original judgment was void for want of legal notice.

Appellant was precluded from perfecting his appeal by an accident, and Chancery has jurisdiction to grant relief. 7 *Cranch*, 332; 2 *J. J. Marshal*, 513.

The law only requires that reasonable degree of diligence that is ordinarily used by men in like circumstances.

Butler, when he seized the wagon, was merely deputy sheriff, under a special commission, and was not acting within the scope of his duty.

*A. D. Jones*, for appellee.

McCabe v. Payne.

### STATEMENT.

EAKIN, J.  This is a bill by appellant to enjoin the execution of a judgment in replevin, which had been obtained against him by Payne before a Justice of the Peace upon default; a levy had been made upon the property of complainant, and the bill seeks to enjoin the sale, and other relief.

The cause was heard by the Chancellor upon the bill, the proceedings before the Justice, and upon affidavits.  No answer was filed, and it comes up on a motion to dissolve the injunction, which had been made at the beginning of the suit.  Upon the hearing the Chancellor held that the complainant had not shown sufficient diligence in prosecuting an appeal, and that no accident nor fraud had been shown to justify the interposition of equitable relief.  The bill was dismissed, and complainant appeals.

### OPINION.

This case is the same which was brought to our notice by the application of Payne for a *certiorari* to bring up and quash a subsequent order of the Chancellor at the same term, modifying the decree so as to continue the interlocutory injunction whilst the appeal might be pending here. (See opinion in case of *Payne* v. *McCabe, ante* 318.)

The modifying order does not appear in this transcript, as it was made after the appeal, and does not come properly before us on the present submission of the case on appeal, and no point is now made on it in argument.  This supersedes the necessity of further remarks on the practice, than were made in the case cited.

The first point now made by the appellant is, that he was never properly summoned, nor did he enter any appearance in the suit before the justice, and that, therefore, the

1.  SUMMONS OF J. P.:
To whom directed, and by whom served.

judgment by default is void, and the levy not due process of law.

The summons was issued on the thirteenth day of March, 1880, directed to the coroner of the county, and made returnable on the twenty-fifth, upon which day judgment by default was rendered. Service was made by the coroner on the fifteenth, and certified by his return.

By the civil code (see *Gantt's Digest, sec.* 4835) any kind of process wherein the sheriff is a party, or is interested, shall be *directed* to the coroner; or, if he is interested, to some constable. In this case the defendant (complainant here) was the sheriff of the county. This was a general provision, applicable to all courts.

It had been provided by the Revised Statutes, (See *Gantt's Digest, Sec.* 877,) that the coroner should *execute and return* all processes, of whatever nature, where the sheriff is a party, etc. This also was general.

By a later Act, of April 29, 1873, (See *Gantt's Digest, Sec.* 3725,) regulating proceedings before Justices of the Peace, it was provided that summons should be *directed* to the constable, but might be *served* by any officer or person, authorized by law to serve process. The same Act, (*Sec.* 3727 *of Gantt's Digest,*) provided that all proceedings prescribed for Circuit Courts, and not therein changed, should be pursued in Justices' Courts, so far as the same should be applicable.

It may be remarked that the Civil Code provided by Section 59, (See *Gantt's Digest, Sec.* 4504,) that the summons shall be *directed* to the sheriff, and without any saving. It was never supposed, however, that this section was in conflict with the special provision in another part of the Code, (above cited as *Sec.* 4835 *of Gantt's Digest,*) that where the sheriff was a party, or interested, it should be directed to the coroner.

McCabe v. Payne.

Upon a review of all the legislation, we are of opinion that the intention of the Act of 1873, regulating proceedings before justices, was to prescribe, for uniformity, that the summons should be directed to a constable, and perhaps, also, to relieve county officers from the obligation to consume their time in the service of the Courts of the Justices, but not to deprive them of the power to execute the process. In other respects the direction seems matter of form; for the summons need not go into the hands of a constable at all; but although directed to one, may be taken and executed by any officer authorized to serve process.

The rigidity of the older decisions, regarding writs and process, has been much relaxed by more recent decisions of this court, as they may be found cited in *Rose's Digest Title " Writs of Process," Sections* 36 to 41. The case of *Rudd* v. *Thompson*, 22 *Ark.*, 363, in which the opinion was delivered by the present Chief Justice, recognizes this change. In that case, however, there was nothing to show that the sheriff was an " interested party," and the writ, being directed to the sheriff, it was held that it could not be executed by the coroner. The case had not arisen, giving the coroner power to serve the process, however directed.

Conceding that the direction of the writ in this case was irregular in form, it might, on motion have been amended, or quashed, but it was not void. It was directed to an officer authorized to *serve* it, and served and returned by him. It seems that no objection was interposed to the summons, but the defendant came in and moved to set aside the judgment by default, for the purpose of making a defense. This being refused, he failed in time to prosecute his appeal. He was not afterwards, on account of a defect in the summons alone, entitled to equitable relief.

McCabe v. Payne.

2. MIST-
AKE:
Relief
against
judgment
at law, for.

Another ground of the relief sought, is that complainant was prevented by accident from perfecting his appeal. No fraud is alleged.

The circumstances appear, in substance, as follows: After the refusal of the justice to set aside the judgment by default, complainant, through his attorney, caused to be prepared the proper affidavit, bond and notice for an appeal, and sent them within a day or two before the expiration of the time allowed to be filed with the justice. The agent bearing them, did not find the justice in, and left some papers in an envelope with a deputy constable who usually attended the justice's court, to be delivered to the justice when he should come in. Returning he met the justice in about two hundred yards of the office, informed him of what he had done, and went his way. The agent swears in his affidavit, that the envelope contained the affidavit for appeal, the bond and the notice. The deputy constable swears that he delivered the envelope, with its contents, to the justice on the same day, and the justice swears that when he opened it, the affidavit for appeal was not there, and the appeal was consequently not taken. The deputy does not appear to have been the clerk of the justice, but usually attended his court, to do the proper business of a constable.

The accident, if any, consists in what we may well suppose to have been a mistake on the part of the agent, in thinking, as he doubtless did, that the affidavit was in the envelope. He does not say certainly that he left the envelope with the constable on the same day he received it, to be taken and filed, but says it may have been on that day or the next day. There is not the same probability of mistake on the part of the constable, as to having soon afterwards handed the envelope to the justice, or on the part of the justice in failing to find the affidavit. There is no reason to doubt the veracity of any of the affiants.

With all this, however the mistake may have occurred, the plaintiff in the judgment had nothing to do. He is not chargeable with any misconduct, or action by which the defendant might have been thrown off his guard. We think it an unsafe precedent to cause him to lose the benefit of his judgment, from a mistake of this kind. The defendant in the judgment by himself, or his agent or attorney, should have seen to it, more closely, that the proper papers were actually filed; which might easily have been done by a walk of two hundred yards. The plaintiff in the judgment is not responsible for any press of business, which may have rendered it inconvenient. We concur with the chancellor in the opinion that the complainant did not show sufficient diligence to entitle him to invoke the aid of chancery.

As the summons was not absolutely void, and there was actual service in due time, it was further essential to the plaintiff's case to show, not only mistake or accident, without laches, but also to show that he had a valid defense to the action. This he does allege in general terms, and offers to submit to any decree of the court upon the merits, but he does not set forth the defense in any terms sufficient to enable the court to judge of it, nor did he ask leave to amend his bill to that end. That was not important, however, as it would not have been available, without a show of diligence as to the appeal, in which he failed.

We find no error in the decree. Let it be affirmed. The injunction will of course cease with the affirmance.